**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**SOUTHEASTERN MECHANICAL
SERVICES, INC.,**

    **Plaintiff,**

v.                                          Case No.  8:08-cv-1151-T-30EAJ

**NORMAN BRODY, JAMES SHEROUSE,
KEVIN SMITH, THERMAL
ENGINEERING CONSTRUCTION
SERVICES, INC. (A/K/A TEI
CONSTRUCTION SERVICES, INC.),
BABCOCK POWER SERVICES, INC.,
AND THEODORE MALISZEWSKI,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Temporary Restraining Order and Incorporated Memorandum of Law (Dkt. #2).  The Court, having considered the motion, verified complaint, incorporated affidavits, and being otherwise advised in the premises, concludes that Plaintiff's motion should be granted.

Based on the facts set forth in the verified complaint and affidavits, Plaintiff has sufficiently established: (1) a substantial likelihood of success on the merits, (2) that Plaintiff will suffer irreparable injury if the injunction is not issued; (3) that the threatened injury to Plaintiff outweighs the potential damage that the proposed injunction may cause Defendants; and (4) that the injunction will not be adverse to the public interest.  It appears that

Defendants Brody, Sherouse, and Smith have violated certain provisions of the Plaintiff's Employee Handbook while employed with Plaintiff by misappropriating Plaintiff's confidential and trade secret business information as well as customer lists for their own benefit in order to give Defendants an unfair and unjust advantage in operating a competing business. Such conduct will cause Plaintiff irreparable harm unless the Court immediately restrains and enjoins Defendants' activities. Accordingly, the Court concludes that the issuance of a temporary restraining order is the sole means to preserve the status quo of SMS's business operations without further unlawful interference on the part of Defendants until such time as a hearing can be held on the propriety of a preliminary injunction.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Temporary Restraining Order and Incorporated Memorandum of Law (Dkt. #2) is **GRANTED**.

2. Defendants, their agents, and employees are restrained from using, printing, copying, distributing, disclosing or examining any information taken from or belonging to SMS, whether or not in original form, including without limitation, SMS's customer lists, customer information, sales techniques, and pricing systems and structures.

3. Defendants, their agents, and employees are directed to return all SMS information and property to SMS, c/o Richard C. McCrea, Greenberg Traurig LLP, Courthouse Plaza, Suite 100, 625 East Twiggs Street, Tampa, Florida 33602, within 24 hours of their receipt of a copy of this Order.

4. Defendants, their agents, and employees are restrained from soliciting any business from any of SMS's clients or customers.

5. Defendants, their agents, and employees are restrained from soliciting for employment or any other business or competitive purpose any employees of SMS or from hiring any SMS employee solicited in the last six months.

6. Defendants, their agents, and employees are directed to preserve all computer files, data, documents, or similar information on their computers until further notice by this Court.

7. Defendants, their agents, and employees are restrained from destroying any and all information and documents which are potentially relevant to SMS's claims.

8. All parties are **ORDERED** to appear for a hearing before the Honorable Judge Elizabeth A. Jenkins on SMS's Motion to convert this Temporary Restraining Order to a preliminary injunction at **10:00 a.m. on Friday, June 20, 2008**, in Courtroom 11A of the Sam M. Gibbons U.S. Courthouse, 801 North Florida Ave., Tampa, Florida 33602.

9. This order shall expire ten (10) business days after entry unless extended by the Court for good cause or unless extended by the mutual consent of the parties.

10. Pursuant to 28 U.S.C. § 636(b)(1)(B), Plaintiff's Motion for Temporary Restraining Order and Incorporated Memorandum of Law (Dkt. #2) is hereby **REFERRED** to Magistrate Judge Elizabeth A. Jenkins, who shall submit proposed findings of fact and recommendation as to the appropriate disposition of Plaintiff's Motion to Convert this Temporary Restraining Order to a preliminary injunction.

**DONE** and **ORDERED** in Tampa, Florida on June 13, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2008\08-cv-1151.mt TRO 2.wpd