UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SOUTHEASTERN MECHANICAL
SERVICES, INC.,

      **Plaintiff,**

vs.                                                 Case No.: 8:08-CV-1151-T-30EAJ

**NORMAN BRODY, et al.,**

      **Defendants.**
_____/

# ORDER

Before the court are Defendant TEI's **Motion to Compel Electronic Discovery** (Dkt. 247) and Plaintiff's **Response to TEI's Motion to Compel Electronic Discovery** (Dkt. 257).

**I.**    **Procedural Background**[1]

On August 21, 2008, the court entered a Case Management and Scheduling Order (Dkt. 111) setting December 5, 2008 as the discovery deadline in this case. On November 25, 2008, the court extended the fact discovery deadline for 30 days for the limited purpose of conducting properly noticed depositions by any party (Dkt. 196).

On July 30, 2008, Defendant TEI Construction Services, Inc. ("TEI") served its First Request for Production of Documents on Plaintiff Southeastern Mechanical Services, Inc. ("SMS") (Dkt. 247 at 2). On September 22, 2008, SMS served its objections and responses to TEI's First Request for Production of Documents (Id.).

On October 28, 2009, TEI filed a motion to compel SMS to produce documents in response to Request Nos. 9, 19, 22, 25 and 27-30 (Dkt. 167).

---

[1] The facts in this case have been summarized in earlier orders.

A discovery conference was held on November 21, 2008. In a joint statement of issues to be address at this conference, TEI asserted that the parties had resolved some but not all of the disputes raised in its motion to compel (Dkt. 183). In reference to disputes relating to SMS's production of documents, TEI sought the production of documents in response to Request Nos. 9, 22, 25 and 29-30[2] (Id. at 4-6). Further, TEI raised the issue of "SMS's failure to produce documents relevant to Defendants' claims and defenses in this matter, including: (1) all communications, including e-mails, sent by the individual defendants during their employment at SMS, that SMS contends to be relevant to its claims against defendants . . ." (Dkt. 183 at 6)

By order of November 25, 2008, the court granted in part and denied in part TEI's motion to compel (Dkt. 196). Because the issue of SMS's alleged failure to produce electronically stored documents relating to Defendants' claims and defenses was not sufficiently clarified by the parties, the court deferred ruling on this issue (Id). During the November 21, 2008 hearing, the court directed the parties to comply with Local Rule 3.01(g) and advised the parties that this issue could be addressed at the next discovery conference (Dkts. 196, 204 at 39-43).

On November 24, 2008, TEI took the deposition of SMS's Information Technology manager, Sam Jones ("Jones").

During December 2008 and January 2009, three discovery status conferences were held in this case to streamline resolution of discovery disputes; the parties filed joint statements of the issues to be addressed at the status conferences (Dkts. 198, 221, 236).

---

[2] In the joint statement of issues to be addressed at the discovery conference, TEI withdrew its requests for documents relating to communications between SMS and Goodwin during Goodwin's employment with Boiler Tube Company of America ("BTA") (Request No. 19).

Defendant's TEI's Motion to Compel Electronic Discovery

On February 19, 2009, TEI filed a motion to compel electronic discovery alleging that SMS failed to produce a variety of electronically stored information. According to TEI, deposition testimony by Jones demonstrates that SMS did not make a good faith effort to locate all responsive documents. Specifically, TEI asserts that SMS failed to respond to TEI's First Request for Production of Documents Nos. 10, 14-21, and 38. These requests fall into three categories: (1) e-mails between SMS's employees and TEI, Babcock Power Services, Inc. ("Babcock"), and Theodore Maliszweski (Request Nos. 10, 14, 18 and 38), (2) various documents, including e-mails, related to Goodwin's communication with SMS while employed by BTA (Request Nos. 19-21), and (3) documents and information belonging to TEI and/or Babcock (Request Nos. 15-18). TEI further asserts that it tried on three separate occasions to resolve this discovery dispute but that SMS refused to produce the electronically stored information.

In response, SMS first argues that TEI belatedly filed the motion to compel. SMS notes that TEI's motion was filed after the close of fact discovery and three months after Jones' deposition. SMS also maintains that TEI failed to object to SMS's responses to Requests Nos. 10, 14-21, and 38 during the various discovery status conferences. Second, SMS contends that it properly searched its electronic records and produced all responsive documents. In an effort to locate and produce documents, SMS alleges it hired a computer expert and directed key employees to review their individual e-mail accounts and document files.

**II.     Discussion**

Although neither the Federal Rules of Civil Procedure nor the Local Rules of this court prohibit the filing of discovery motions beyond the discovery deadline, counsel are encouraged to

3

do so to advance the litigation in an orderly fashion. Stone v. Geico General Ins. Co., No. 8:05-CV-636-T-30-TMB, 2006 WL 2474251, at * 1 (M.D. Fla. Aug. 25, 2006). The court "expects parties to address disputes promptly – before the discovery deadline passes or soon thereafter." Taylor v. Raytheon Co., No. 8:05-CV-1999-T-30-MAP, 2007 WL 4409781, at *1 (M.D. Fla. Jan. 16, 2007).

TEI waited until February 19, 2009 to file a motion to compel this discovery, almost three months after the December 5, 2008 discovery deadline. According to TEI, as a result of Jones' deposition testimony on November 24, 2008, TEI determined that SMS did not make a good faith effort to locate all requested electronically stored documents. Furthermore, TEI alleges it attempted to resolve the discovery dispute on three occasions beginning in November 2008 and continuing until February 2009. TEI's explanation for its unreasonable delay in filing its motion is unconvincing.

TEI implies that it belatedly learned of SMS's failure to locate and produce electronically stored documents during Jones' November 24, 2008 deposition. However, TEI initially raised the issue of SMS's failure to produce electronically stored documents in mid-November 2008. Specifically, in the November 13, 2008 joint statement and at the November 21, 2008 status conference, TEI argued that SMS refused to produce electronically stored documents, including e-mails, of the individual Defendants and SMS's employees from SMS's computers. The court deferred ruling on this issue and directed the parties to confer in good faith to resolve their dispute. The court also advised the parties that this issue could be discussed at the next discovery status conference.

Despite the opportunity to revisit the issue of SMS's alleged failure to produce responsive documents after Jones' November 24, 2008 deposition, TEI never certified that it compiled with

4

Local 3.01(g) requirements and neglected to address this issue at the December 5, 2008 status conference. Similarly, TEI could have raised this issue at the two discovery conferences in January 2009, but failed to do so. Nor did TEI seek an extension of time of discovery to resolve this dispute. Despite the importance TEI now attributes to the present dispute, SMS's compliance with e-discovery requests was never raised as a major issue by TEI after the November 21, 2008 hearing.

TEI also suggests that its attempts to resolve the dispute excuse its untimely motion to compel. Contrary to TEI's assertion, the two letters TEI sent to SMS in November 2008 did not address the document requests raised in the instant motion to compel (Dkt. 247, Ex. C-D). Rather, TEI requested responsive documents to Request Nos. 9, 22, 25, 28-30 (Id.). In reference to discovery requests subject to this motion, TEI did not raise concerns about SMS's responses until February 6, 2009 (Dkt. 247, Ex. F).[3]

Given the length of TEI's delay in filing the motion to compel, the ample opportunity to raise this dispute prior to the close of discovery, and the lack of a valid reason for the belated motion, TEI has not demonstrated good cause for its unreasonable delay in filing the motion to compel. Moreover, permitting TEI to re-open discovery at this late stage of the proceedings could potentially impact the May 1, 2009 dispositive motion deadline and the October 2009 trial date. Further, SMS affirmatively states that it has produced all responsive documents.[4] Accordingly, TEI's motion to compel is denied.

---

[3] As previously mentioned, TEI withdrew its objections to SMS's response to Request No. 19 (documents relating to Goodwin's communications with SMS during Goodwin's employment with BTA).

[4] Both sides have also filed motions accusing each other of spoliation of evidence (Dkts. 254 and 269). These motions will be heard on April 28, 2009. Nothing in this order shall be construed as limiting the court's resolution of those motions.

Accordingly, and upon consideration, it is **ORDERED** that:

(1) Defendant TEI's **Motion to Compel Electronic Discovery** (Dkt. 247) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on this 14th day of April, 2009.

_____
ELIZABETH A JENKINS
United States Magistrate Judge