**SOUTHEASTERN MECHANICAL
SERVICES, INC.,**

    **Plaintiff,**

vs.                                                  Case No.: 8:08-CV-1151-T-30EAJ

**NORMAN BRODY, et al.,**

    **Defendants.**

_____/

## **ORDER**

Before the court is Defendant Thermal Engineering Construction Services, Inc.'s **Motion to Compel 30(b)(6) Deposition** (Dkt. 249) and Plaintiff Southeastern Mechanical Services, Inc.'s **Response to Motion to Compel** (Dkt. 260).

**I.**     **Procedural Background**[1]

On October 28, 2008, Defendant Thermal Engineering Construction Services, Inc. ("TEI") noticed Plaintiff Southeastern Mechanical Services, Inc. ("SMS") for a deposition of its corporate representative on a variety of topics (Dkt. 249 at 2). After SMS served its objections to this notice, TEI served an amended notice of the deposition of SMS's corporate representative (Id.).

At a discovery conference on December 5, 2008, the court granted TEI's request that Plaintiff make a corporate representative available for deposition on Deposition Topic Nos. 5, 6 (as modified), 19, 22, 24, 26, 27, 34, and 35 of TEI's Rule 30(b)(6) Notice of Deposition of SMS (Dkt. 201 at 2). The court also narrowed the scope of Topic No. 8 and required SMS to "make a corporate representative available for deposition regarding SMS's preparation of any time and material rates

___

    [1] The facts in this case have been summarized in earlier orders.

sheets prepared during the last 24 months" (Dkt. 201 at 3).

On December 9, 2008, TEI deposed SMS's corporate representative for approximately 5 ½ hours (leaving 1½ hours remaining for the completion of the deposition). Although the parties agreed that a continuation of the deposition was necessary, they disagreed on the amount of additional time for this deposition (Dkt. 260 at 2). TEI contends that an additional four hours (beyond the remaining 1½ hours) is necessary due to the time spent during the initial deposition with witnesses who were unprepared to testify on designated topics (Dkt. 249 at 1-2). Plaintiff, on the other hand, offered to extend the deposition an additional two hours (beyond the remaining 1½ hours) to explore topics that were entirely unexplored during the initial deposition (Dkt. 160 at 12).

A discovery status conference was held on January 22, 2009. By order of January 29, 2009, the court directed SMS's corporate representative to testify on Deposition Topic No. 9 regarding revisions to time and material templates (Dkt. 239 at 2). To the extent that Plaintiff's corporate representative had not previously testified, the court also directed Plaintiff's corporate representative to testify on Deposition Topic Nos. 10, 11 (as modified), 14, 15, 23, 32, 33, 38, 39, 41 (as modified), 43 (as modified) and 44 (Id.).

### A. TEI's Motion to Compel

TEI contends that during the deposition of SMS's corporate representative, SMS witnesses were unprepared to testify on Topic Nos. 8, 17, 18, 22, 24, and 27 and therefore, the court should compel SMS to produce witnesses who are prepared to testify regarding these topics (Id. at 2). In addition, TEI seeks an additional four (4) hours to complete the deposition of SMS's corporate representative because of the time spent deposing witnesses who were not prepared to testify (Id. at 1-2).

2

In response, SMS contends that TEI's motion to compel is premature because the 30(b)(6) deposition is not completed (Dkt. 260). SMS further contends that TEI is seeking to compel testimony on topics which the court found were improper and/or which were previously explored in prior depositions. SMS requests fees and costs associated with filing its response.

Upon consideration, TEI's motion is granted in part and denied in part. In reference to Deposition Topic No. 8, the court finds that SMS's corporate representative, James Ghelarducci ("Ghelarducci"), provided testimony on the number of time and material rate sheets prepared by SMS during the last 24 months.[2] Fred Franco ("Franco"), another corporate representative for SMS, testified as to whether competitors were provided copies of time and material rate sheets.[3] However, to the extent not previously provided, SMS shall produce a corporate representative to testify regarding the following issues: (1) to which clients SMS provided its time and material rate sheets,[4] and (2) which SMS employees were involved in preparation of rate sheets.[5]

In reference to Topics Nos. 17, 18, 22, and 24, SMS shall produce a corporate representative

---

[2] Ghelarducci, SMS's Business Director, testified that there were possibly 8 to 12 different versions of rate sheets prepared by SMS during the last 24 months (Dkt. 260-9, Ex. 5 at 44-49). Although SMS contends that Barry Skitsko ("Skitsko"), SMS's President, testified concerning SMS's time and material rate sheets, SMS did not file a copy of Skitsko's deposition with its response.

[3] Franco testified that "[y]ou do not supply a T & M rate sheet to a competitor" (Dkt. 249-6, Ex. E at 47). TEI's counsel suggested to Franco that Skitsko was aware that rate sheets were provided to a competitor of SMS (Id. at 47-48). Whether Franco provided contradicting testimony during his deposition is immaterial.

[4] Although Ghelarducci did not provide the names of the clients who received SMS's rate sheets, he testified that this information is on his computer (Dkt. 260-9, Ex. 5 at 47-48).

[5] Ghelarducci stated that he generally did most of the bidding, but that the Northeast office may have prepared one or two of the rates sheets (Dkt. 260-9, Ex. 5 at 49). It is unclear whether TEI asked Ghelarducci the names of the SMS employees in the Northeast office who prepared the rates sheets.

to testify regarding: (1) the value of any trade secret that SMS claims was misappropriated by any of the Defendants, (2) the manner, method, and calculation of the value of any trade secrets SMS claims has been appropriated by any Defendant in this action, (3) the disclosure to or use by any third party of any claimed trade secret that SMS contends was misappropriated by any of the Defendants, and (4) the use by any of the Defendants of any claimed trade secret that SMS contends was misappropriated.

Topic No. 27 seeks a corporate representative to testify regarding the following issues: (1) the existence of any confidential, non-disclosure, non-solicitation or non-competition agreement entered into between SMS and any employee, (2) the timing of the execution of such agreement, and (3) the identity of any employee (or former employee whose employment terminated in the past 12 months) who has not been required to sign such agreements. To the extent not previously provided, SMS shall produce a corporate representative to testify regarding issues (1) and (2).[6] The court finds issue (3) of Deposition Topic No. 27 is overly broad and cumbersome.[7]

Furthermore, the court finds good cause to grant TEI an additional four (4) hours of time to complete the deposition of SMS's corporate representative (beyond the remaining 1½ hours). The deposition shall take place within ten (10) days of the date of this order.

Accordingly, it is **ORDERED AND ADJUDGED** that:

---

[6] Michael Gulla, SMS's corporate representative for this topic, testified that the notebook containing a list of SMS employees who signed non-compete and confidentiality agreements was incomplete (Dkt. 249-8, Ex. G at 51-52).

[7] On January 22, 2009, the court sustained SMS's objection to Deposition Topic No. 47 as overly broad and cumbersome because TEI sought the identity of any SMS employees, or anyone employed by SMS during the last 24 months with whom SMS does not have a non-competition, non-solicitation or non-disclosure agreement (Dkt. 244 at 57-59). Part of Topic No. 27 seeks the same information.

(1) Defendant Thermal Engineering Construction Services, Inc.'s **Motion to Compel 30(b)(6) Deposition** (Dkt. 249) is **GRANTED in PART** and **DENIED in PART** as provided above.

(2) SMS's request for fees and costs associated with filing a response is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on this 1st day of May, 2009.

ELIZABETH A JENKINS
United States Magistrate Judge