UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SOUTHEASTERN MECHANICAL
SERVICES, INC.,

       Plaintiff,

vs.                                             Case No.: 8:08-CV-1151-T-30EAJ

NORMAN BRODY, et al.,

       Defendants.
_____/

**ORDER**

      Before the court are **Defendant Thermal Engineering Construction Services, Inc.'s Motion for Spoliation Sanctions** (Dkt. 254) and **Plaintiff Southeastern Mechanical Services, Inc.'s Response to Defendant's Motion for Spoliation Sanctions** (Dkt. 271).[1]

**I.    Factual Background**

      Defendant Thermal Engineering Construction Services, Inc. ("TEI") seeks sanctions alleging that Plaintiff Southeastern Mechanical Services, Inc. ("SMS") failed to adopt a proper litigation hold procedure when it initiated this action.[2] TEI asserts that SMS's failure to suspend the automatic overwriting of its backup tapes that archive employee e-mails and other electronic information resulted in the destruction of crucial information relating to Plaintiff's claims and Defendants' defenses.

      Specifically, TEI alleges that SMS's failure to preserve relevant evidence became apparent

---

[1] Plaintiff also filed a motion for spoliation sanctions (Dkt. 269). This motion is under advisement.

[2] The facts in this case have been summarized in earlier orders.

during the deposition of Sam Jones ("Jones"), SMS's Information Technology Manager. During Jones' November 24, 2008 deposition, Jones testified that: (1) SMS retains emails on its company server, (2) e-mails are retained on the server until an employee deletes the e-mails, and (3) the information on the server is backed up on a daily basis to backup tapes (Dkt. 254, Ex. A). Further, Jones testified that backup tapes are overwritten every two weeks (Id.).

Defendant Norman Brody's ("Brody") last day of employment with SMS was May 27, 2008 (Dkt. 197, ¶ 46). Within a few days of Brody's departure, Jones testified that he reviewed Brody's account and discovered that Brody's e-mails, contacts, and tasks were deleted from his computer (Dkt. 254, Ex. A). Jones also testified that he waited more than two weeks after Brody's departure to review the backup tapes of Brody's account (Id.).

TEI contends that, by the time of Jones' belated review of the backup tapes, any evidence relating to Brody's deletion of information from his computer was permanently destroyed due to the automatic overwriting of the backup tapes. TEI alleges that SMS's failure to suspend the automatic overwriting of the backup tapes destroyed the only evidence regarding SMS's claim that Brody improperly deleted data from his SMS computer prior to his termination from SMS. Without the backup tapes, TEI asserts it cannot determine what information Brody deleted from his SMS computer prior to his departure. Specifically, TEI argues that, no later than June 3, 2008,[3] SMS should have retained backup tapes of e-mail accounts of Brody, James Goodwin ("Goodwin"), and

---

[3] On June 3, 2008, SMS's counsel sent TEI's counsel a letter stating that SMS believed that Defendants had violated the Computer Fraud and Abuse Act by the unauthorized access and use of SMS's information (Dkt. 254, Ex. C).

2

key SMS employees.[4]

Further, TEI asserts that SMS's bad faith is apparent in its failure to comply with TEI's counsel's request in November 2008 to suspend routine deletion of backup tapes. Nevertheless, even if SMS destroyed relevant evidence due to negligence, rather than bad faith, TEI contends that sanctions are appropriate because bad faith is only one factor a court should consider in imposing sanctions.

Pursuant to the court's inherent authority to issue sanctions and Rule 37, TEI seeks the following sanctions against SMS for destruction of evidence: (1) striking from the amended complaint allegations related to Brody's deletion of information; (2) barring SMS from presenting testimony, expert or otherwise, related to Brody's alleged deletions; and (3) permitting the fact-finder to draw an adverse inference against SMS during the summary judgment proceeding and at trial (Dkt. 254 at 8, 14-15).

In response, SMS first argues that the backup tapes are not the only evidence of Brody's deletion of e-mails from his computer prior to his departure (Dkt. 271 at 1). SMS notes that, in an earlier proceeding, Brody testified that he deleted e-mails from his computer prior to his departure from SMS.[5] Second, SMS asserts that TEI misstates the law governing sanctions for spoliation of

---

[4] TEI asserts that SMS should have also retained backup tapes relating to the hiring of James Goodwin ("Goodwin"). Goodwin was a former employee of Boiler Tube Company of America ("BTA"), a corporate affiliate of TEI. As part of its defense, TEI alleges that Goodwin brought BTA's bid preparation materials to SMS and, therefore, SMS cannot prevail on its claims due to SMS's unclean hands in hiring Goodwin.

[5] In recommending preliminary injunctive relief against Defendants, the court found that, after Brody's last day of employment on May 27, 2008, SMS discovered Brody had deleted all of his Outlook files prior to his departure (Dkt. 87 at ¶¶ 51-52). In addition, the court found that SMS was unable to restore any files deleted from Brody's Outlook program (Id.) Brody testified that he deleted only old e-mails and junk e-mails pursuant to SMS's retention policy (Id. at n. 9). However,

evidence. SMS contends that spoliation sanctions are inappropriate because TEI has not shown that SMS acted in bad faith when it failed to retain information stored on its backup tapes. SMS maintains that the automatic overwriting of its backup tapes was part of its regular data management policy and that, in any event, Defendants' request came too late for any relevant data to be preserved and not overwritten. SMS denies that it had an independent duty to suspend the automatic override of the backup tapes.

## II.     Discussion

Spoliation is the intentional destruction or concealment of evidence. Optowave Co., Ltd. v. Nikitin, No. 6:05-CV-1083-Orl-22DAB, 2006 WL 3231422, at *7 (M.D. Fla. Nov. 7, 2006). Federal law governs the imposition of sanctions for spoliation of evidence because spoliation sanctions constitute an evidentiary matter. Flury v. Daimler Chrysler Corp., 427 F.3d 939, 944 (11th Cir. 2005); see also Martinez v. Brink's Inc., 171 F. App'x. 263, 269 n. 7 (11th Cir. 2006) (unpublished) (federal law governs the imposition of spoliation sanctions, such as adverse inference instruction).

A court has broad discretion to impose sanctions for litigation misconduct based on its inherent power to manage its own affairs. In re Mroz, 65 F.3d 1567, 1575 (11th Cir. 1995). A finding of bad faith, however, is required to impose sanctions based upon the court's inherent powers. Id.  Rule 37 also authorizes the imposition of sanctions for failure to comply with the court's rules. Fed. R. Civ. P. 37. Rule 37(e), Fed. R. Civ. P., which took effect in 2006,[6] provides

---

the court found that Brody's explanation for deleting all of his e-mails and address book from his computer was not credible (Id.).

[6] The text of Rule 37(e) was originally added as subsection (f) but subsequently moved to subsection (e).

that "[a]bsent exceptional circumstances, a court may not impose sanctions under these rules on a party for failing to provide electronically stored information lost as a result of the routine, good-faith operation of an electronic information system." Once a party files suit or reasonably anticipates doing so, however, it has an obligation to make a conscientious effort to preserve electronically stored information that would be relevant to the dispute. Peskoff v. Faber, 251 F.R.D. 59, 62 (D. D.C. 2008) see Fed. R. Civ. P. 37, advisory committee notes (2006 amendments) ("When a party is under a duty to preserve information because of pending or reasonably anticipated litigation, intervention in the routine operation of an information system is one aspect of what is often called a 'litigation hold.'").

Although federal law controls spoliation sanctions, the Eleventh Circuit has not set forth specific guidelines on the imposition of such sanctions. Thus, courts may look to state law principles for guidance so long as the principles are consistent with federal spoliation principles. Flury, 427 F.3d at 944. Under Florida law, spoliation is established when the party seeking sanctions proves that: (1) the evidence existed at one time, (2) the alleged spoliator had a duty to preserve the evidence, and (3) the evidence was crucial to the movant's prima facie case or defense. Golden Yachts, Inc. v. Hall, 920 So.2d 777, 781 (Fla. 4th DCA 2006). In addition to the factors applied by Florida courts, the Eleventh Circuit has indicated that sanctions for spoliation are appropriate only when there is evidence of bad faith. Flury, 427 F.3d at 944 (spoliation sanction of dismissal requires showing of bad faith).[7] Mere negligence in losing or destroying records is not

---

[7] TEI asserts that bad faith is only one factor a court should consider in imposing sanctions. TEI's reliance on Brown v. Chertoff, 563 F. Supp. 2d 1372 (S.D. Ga. 2008), for the proposition that the court may impose spoliation sanctions in the absence of bad faith is unpersuasive. First, Brown analyzes Georgia law, not Florida law, on spoliation. Second, other courts in this district have consistently held that a finding of bad faith is a prerequisite for the imposition of spoliation

5

enough for an adverse inference instruction. Bashir v. Amtrak, 119 F.3d 929, 931 (11th Cir. 1997) (court may impose the spoliation sanction of an adverse inference instruction only where destruction of evidence predicated on bad faith).

A. Duty to Preserve

Here, SMS had a duty to preserve relevant information from the time that this litigation became reasonably anticipated. Whether or not SMS anticipated litigation when Brody turned in his computer on May 27, 2008, SMS undoubtedly anticipated litigation when it sent TEI a demand letter on June 3, 2008. Therefore, by June 3, 2008, SMS should have put in place a litigation hold for key employees to ensure the preservation of relevant documents and to prevent the automatic overwriting of backup tapes every two weeks.[8] Given the importance of electronic information in this litigation, it is baffling why SMS's litigation hold did not suspend the routine overwriting of backup tapes by June 3, 2008. Because Brody was a key player in this litigation, his deleted e-mails may have been relevant to this matter. Thus, SMS had a duty to preserve backup tapes created in May and June 2008.

---

sanctions. See Hendricks v. Smartvideo Techs., Inc., 511 F. Supp. 2d 1219, 1232 (M.D. Fla. 2007); Wilson v. Wal-Mart Stores, Inc., No. 5:07-CV-394-Oc-10GRJ, 2008 WL 4642596, at *2 (M.D. Fla. Oct. 17, 2008); Victor v. Makita U.S.A., Inc., No. 3:06-CV-479-J-33TEM, 2007 WL 3334260, at *2 (M.D. Fla. Nov. 9, 2007); Lockheed Martin Corp. v. L-3 Commc'ns. Corp., No. 6:05-CV-1580-Orl-31KRS, 2007 WL 3171299, at *2 (M.D. Fla. Oct. 25, 2007); Optowave, 2006 WL 3231422, at * 8. Third, to the extent that Florida law on spoliation authorizes sanctions without a showing of bad faith, these cases are inconsistent with federal law and are not binding on this court. Flury, 427 F.3d at 944 (the Eleventh Circuit will only recognize state principles on spoliation that are wholly consistent with federal spoliation principles).

[8] SMS also attributes its failure to preserve the backup tapes to the fact it was not until the preliminary injunction hearing on June 30, 2008 that it learned of Brody's claim that he deleted only junk e-mails. The flaw in this argument is that SMS's duty to preserve was triggered when it knew that litigation was reasonably anticipated, not when it had knowledge of Defendants' defense to its claims.

However, TEI fails to present any evidence that SMS had a duty to preserve backup tapes starting in November 2008 or that there was crucial evidence on these tapes. Jones testified that he waited more than two weeks after Brody's departure to review the backup tapes. Thus, Brody's deleted e-mails were permanently lost when SMS failed to save the backup tapes within two weeks of his May 27, 2008 departure. By November 2008 – when TEI made its request – SMS's backup tapes did not contain any e-mails that Brody deleted prior to his departure in May 2008. Furthermore, any argument that the backup tapes contained crucial evidence relating to other key employees is undercut by TEI's delay in raising this issue in its motion to compel electronic discovery.[9]

B.     Evidence of Bad Faith

Once it is determined that a party has destroyed evidence that it had a duty to preserve, a court must determine what sanctions, if any, to impose. In this case, no spoliation sanction is appropriate because the automatic overwriting of backup tapes under the circumstances presented here did not involve bad faith. The automatic overwriting of SMS's server backup tapes was part of the company's routine document management policy. See Floeter v. City of Orlando, No. 6:05-CV-400-Orl-22KRS, 2007 WL 486633, at * 7 (M.D. Fla. Feb. 9, 2007) (the deletion of e-mails was the result of the city's long-standing practice of overwriting server backup tapes and there was insufficient evidence to establish the city acted in bad faith). While SMS failed to preserve the

---

[9] Indeed, there is no need for the court to reconsider the issues raised in TEI's motion to compel electronic discovery for a third time. This court denied TEI's belated motion to compel electronic discovery (Dkt. 278) and TEI's motion for reconsideration of that order (Dkt. 311). Although TEI admitted it was aware of the issues addressed in its motion to compel electronic discovery in November 2008, TEI delayed filing its motion to compel until February 2009, almost three months after the December 5, 2008 discovery deadline.

backup tapes containing Brody's e-mails, the evidence fails to establish that SMS acted in bad faith by overwriting the backup tapes for May and June 2008. See Consol. Aluminum Corp. v. Alcoa, Inc., 244 F.R.D. 335, 345-46 (M.D. La. 2006) (recycling of backup tapes containing emails from "key player," whose emails on active database were not preserved, was negligent).

In accordance with the traditional view that spoliation sanctions must be predicated on bad faith, Rule 37(e) sanctions have been deemed inappropriate where 1) electronic communications are destroyed pursuant to a computer system's routine operation and 2) there is no evidence that the system was operated in bad faith. Escobar v. City of Houston, Civil Action No. 04-1945, 2007 WL 2900581, at *18 (S.D. Tex. Sept. 29, 2007), but see Peskoff v. Faber, 244 F.R.D. 54, 60 (D. D.C. 2007) (imposing sanctions for failure to turn off an automatic deletion feature once informed of pending litigation without finding bad faith). While SMS may have failed to implement a proper litigation hold, Defendant does not point to specific evidence in the record demonstrating that SMS intentionally destroyed the backup tapes in bad faith.

In sum, TEI fails to present any evidence that SMS had a duty to preserve the backup tapes starting in November 2008, that there was crucial evidence on these tapes, or that the automatic overwriting of these backup tapes (or those created in May and June 2009) was due to bad faith. Thus, spoliation sanctions are not appropriate.

Accordingly, and upon consideration, it is **ORDERED and ADJUDGED** that:

(1) **Defendant Thermal Engineering Construction Services, Inc.'s Motion for Spoliation Sanctions** (Dkt. 254) is **DENIED**.

8

_____
ELIZABETH A JENKINS
United States Magistrate Judge